Rowell agt. McCormick and Belden.

5 How. 337–*Contra*, 3 Duer 669; 5 How. 310; 14 d. 430.

## SUPREME COURT.

### ROWELL agt. McCORMICK AND BELDEN.

Where an attorney signs his name and " place of residence" to papers; the service of papers upon him must be directed to the *post office at that place*. If directed to another post office, in the same town, it is irregular service.

The " place of residence" in Rule 5, must be understood with reference to the name of the post office to which papers are directed.

*It seems*, that by § 405, the time to appeal (30 days), can in no case, be enlarged. ·(*This appears to be adverse to the case of Crittenden agt. Adams, ante page,* 310.).

*Monroe Special Term, Oct.* 1850. Judgment was rendered at a special term on the 27th day of June 1850, for $457·70, in favor of plaintiff against defendants. Notice of judgment was received by defendants' attorneys on the 1st day of July 1849. On the 29th July the defendants filed the requisite undertaking with a view to an appeal. Notice of the appeal and of the undertaking, with a copy of the undertaking, was mailed at the

post office at Rochester, where the defendants' attorneys resided, on the 29th day of July 1850, between 1 and 4 P. M., postage paid, directed to the attorney for the defendant at " Clarkson Corners, Mon. Co."

In the town of Clarkson there are three post offices bearing the names of " Clarkson," " Clarkson Centre," and " East Clarkson." There is no post office in Monroe county by the name of " Clarkson Corners." The action was commenced by summons and complaint, to both of which and to the plaintiff's reply to the defendants' answer, the plaintiff's attorney's name was subscribed as such, with the addition of " Clarkson." The letter enclosing the notice of appeal, &c. was sent from the post office at Rochester to the post office at " Clarkson Centre," from which it was forwarded to the " Clarkson" post office charged with five cents postage, where it arrived on the 3d day of August and was handed to the plaintiff's attorney on the evening of that day; an execution had been issued upon the judgment on the 2d of August.

The post office named " Clarkson Centre" is located about four miles north of the village of Clarkson, where the post office of the name of " Clarkson" is situated, and is where there are four corners made by the crossing of an east and west and north and south roads. The village of Clarkson, as one of the affidavits states, is usually called Clarkson Corners. A motion is now made to set aside the execution for irregularity.

O. M. BENEDICT, *for Defendants.*

S. B. JEWETT, *for Plaintiff.*

WELLES, Justice.—The plaintiff was regular in issuing his execution. Notice of the judgment was served on the 1st day of July, and on the 1st day of August the time for appealing expired. The notice of appeal was misdirected, and did not reach the plaintiff's attorney until the 3d day of August. That was too late and he had a right to disregard it. The envelope was directed to Clarkson Corners, where there was no post office of that name, and if it went to either of the post offices in the town of Clarkson, it was as likely to go to one as the other of the three. It is shown

that it in fact went on to one four miles beyond the right one and was sent back charged with postage, which the plaintiff's attorney had to pay before he was entitled to receive it. The plaintiff's attorney in conformity with rule 5, in subscribing and endorsing his name to the previous papers, had added his place of residence, and the notice of appeal, &c. should have been directed to that place. An attorney has the right himself to decide where he resides for the purposes of the rule, and if papers are served upon him by mail, they must be directed accordingly, provided he has complied with the rule in subscribing and endorsing his papers. The words "place of residence," in rule 5, must be understood with reference to the name of the post office to which papers are to be directed. The motion must therefore be denied with $7·00 costs. I am not able to see that there is any relief for the defendant. By § 332 of the Code, the appeal must be made in thirty days after written notice of the judgment; and section 405 seems to contemplate that the time can in no case be enlarged.